**AMENDED 2/6/07**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 98-00221-RT | Date | February 2, 2007 |
|---|---|---|---|
| Title | *CITY OF RIALTO -v- SCOTTSDALE INSURANCE CO.* | | |

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

| Present: | ROBERT J. TIMLIN, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| K. Leigh Ray | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                         Not Present

**Proceedings:** (IN CHAMBERS)  ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

The Court, Judge Robert J. Timlin, has read and considered defendant Scottsdale Insurance Company ("Scottsdale")'s motion for sanctions pursuant to Fed. R. Civ. P. 11 ("Rule 11"); and 28 U.S.C. Section 1927 ("Section 1927"); plaintiff City of Rialto ("Rialto")'s opposition; and Scottsdale's reply. Based on such consideration, the court concludes as follows:

## I.
## BACKGROUND

The Court incorporates by reference the background and uncontroverted statement of material facts as stated in the court's related orders 1) Denying Plaintiff's Motion to File a Supplemental Complaint, 2) Denying Plaintiff's Motion for Summary Judgment or, in the Alternative, for Summary Adjudication and 3) Granting Defendant's Motion for Summary Judgment, filed on February 2, 2007.

## II.
## ANALYSIS

A.  <u>Rule 11 Sanctions</u>

Rule 11 provides that a court may impose sanctions for a party's filing pleadings, written motions and other papers that are frivolous, unwarranted under existing law, or presented for an improper purpose. Fed. R. Civ. P. 11(b); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362

# AMENDED 2/6/07

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.  EDCV 98-00221-RT          Date  February 2, 2007

Title  *CITY OF RIALTO -v- SCOTTSDALE INSURANCE CO.*

(9th Cir. 1991). While Rule 11 sanctions are appropriate to protect the judicial system and the litigants when a party engages in vexatious and unreasonable tactics, Rule 11 sanctions should not be applied to prevent litigants from presenting the facts and law as favorably to their respective positions as possible. *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001). "Judges therefore should impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *Id*.

Scottsdale contends that Rule 11 sanctions are appropriate here because Rialto adopted completely contradictory positions in this action and in the state court contract action by it against G & L. Although inconsistent positions may show that a party engaged in vexatious or unreasonable tactics, *e.g.*, *In re Liberty Music and Video, Inc.*, 50 B.R. 379, 385 (S.D.N.Y. 1985), Scottsdale has not shown that Rialto asserted these positions unreasonably or for an improper purpose. Rialto contends that its allegation in the complaint in this action that it was an additional insured on the Scottsdale policy was based on its reasonable belief at the time it filed the complaint in this action. After Rialto belatedly obtained certain information through formal discovery, it sued G & L in state court for not causing Rialto to be an additional insured under the Scottsdale policy pursuant to the abatement agreement. This issue was finally adjudicated by the state appellate court in the contract action four years after the complaint was filed in this action.

Moreover, while Rialto's legal theories and arguments in its suit against G & L in state court were somewhat inconsistent with the papers it subsequently filed in this action, they are not mutually exclusive. In its state court contract action Rialto alleged that G & L had breached the abatement agreement in which it expressly agreed to provide Rialto with insurance coverage. On the other hand, Rialto's filings in this court, regarding its motion for summary judgment and Scottsdale's motion for

# AMENDED 2/6/07

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   EDCV 98-00221-RT                                    Date   February 2, 2007

Title   *CITY OF RIALTO -v- SCOTTSDALE INSURANCE CO.*

summary judgment, sought to adjudicate the three claims in the complaint in this action on various theories that did not necessitate Rialto being expressly named as an insured in the Scottsdale policy. It is the Court's conclusion that Rialto could reasonably take these different positions in vigorously representing its position. Even after the Court of Appeal for the State of California determined that Scottsdale did not owe Rialto a duty to defend and indemnify under the Scottsdale policy, Rialto was entitled to continue to maintain this action and litigate the collateral estoppel issue.

Scottsdale's reliance on *Roundtree v. United States*, 40 F.3d 1036 (9th Cir. 1994), is inapposite. In *Roundtree*, the court upheld the district court's imposition of sanctions upon an attorney who had "brought his theory to court time after time" despite being told by different courts that it was incorrect, and who repeatedly forced the government to adjudicate the same issues at great expense. *Id.* at 1040. Furthermore, the entire complaint at issue in *Roundtree* was patently frivolous. *Id.* Even if Rialto acted improperly and deceptively in the state court contract action, there is no evidence that Rialto's conduct in this action rose to the level of unreasonable performance by the attorney in *Roundtree*. The court will deny on the merits Scottsdale's motion for sanctions pursuant to Rule 11.

Further, the Court will also deny Scottsdale's Rule 11 motion because it did not comply with the procedural requirements for such motion as provided in Rule 11(c)(1)(A). In pertinent part the Rule provides "A motion for sanctions under this rule . . . shall not be filed with or presented to this court unless within 21 days <u>after service of the motion</u> . . . the challenged paper, . . . claim, contention, allegation . . . is not withdrawn or properly corrected." F.R.C.P. 11(c)(1)(A) (emphasis added). This "safe harbor" provision is strictly applied and absent complete compliance with Rule 11, sanctions should not be awarded. *Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772, 789 (9th Cir. 2001). The letters by Scottsdale's counsel to Rialto's counsel, dated September 24, 2002, (Exhibit H to the

# AMENDED 2/6/07

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 98-00221-RT | Date | February 2, 2007 |
|---|---|---|---|
| Title | *CITY OF RIALTO -v- SCOTTSDALE INSURANCE CO.* | | |

Declaration of Meka Moore), and dated October 18, 2002 (Exhibit I to the Declaration of Meka Moore), stated that Scottsdale <u>intended</u> to file a Rule 11 motion. They were merely warnings, not a motion. *Barber, et al. v. Miller, et al.*, 146 F.3d 707, 710 (9th Cir. 1998). The September 24, 2002 letter also mentioned that Scottsdale expected to serve the motion within two weeks.

Scottsdale has not submitted any evidence establishing that the instant Rule 11 motion was served on Rialto before it was filed and if so, when it was served. Moreover, Scottsdale has not shown that, if the prospective motion were served, it was filed at least 21 days after such service on Rialto. Absent such evidence the Court may not grant the Rule 11 motion. *Barber*, 146 F.3d at 710.

### B.  Section 1927 Sanctions

Scottsdale further contends that it is entitled to sanctions against Rialto's attorneys on the basis that they multiplied the proceedings in this action unreasonably and vexatiously in violation of Section 1927.

"Section 1927 provides the mechanism for sanctioning conduct that occurs after commencing a case. It provides sanctions for unreasonably and vexatiously multiplying proceedings and requires a finding of bad faith. . . . We assess an attorney's bad faith under a subjective standard. Knowing or reckless conduct meets this standard. We review all aspects of an award of § 1927 sanctions for abuse of discretion." *MGIC Indem Corp v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991); *U.S. v. Associated Convalescent Enterprises Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985).

Applying a subjective standard to the conduct of Rialto's counsel and for the reasons stated *infra* for denying on the merits Scottsdale's Rule 11 motion, this court finds that the maintenance of this action by Rialto's attorneys was neither in bad faith nor reckless, nor for an improper motive. It

///

# AMENDED 2/6/07

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 98-00221-RT | Date | February 2, 2007 |
| Title | *CITY OF RIALTO -v- SCOTTSDALE INSURANCE CO.* | | |

therefore concludes that those attorneys did not multiply the proceedings in this action unreasonably and vexatiously. Scottsdale's motion for sanctions under Section 1927 will be denied.

### III.
### DISPOSITION

ACCORDINGLY, IT IS ORDERED THAT:

1) Scottsdale's motion for sanctions pursuant to Rule 11 is denied and

2) Scottsdale's motion for sanctions under Section **1927 is denied**.

Initials of Preparer

cc: